UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALFARO,<br><br>            Petitioner,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No. CV 2:22-5347 RGK (RAO)<br><br>ORDER GRANTING MOTIONS FOR RECONSIDERATION AND ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On February 7 and February 14, 2024, Petitioner Billy Alfaro ("Petitioner") filed Motions for Reconsideration re: Order Accepting Report and Recommendation (collectively, the "Motions").[1]  (Dkt. Nos. 28, 31.)

**I.     PROCEDURAL BACKGROUND**

On August 1, 2022, Petitioner, then a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 ("Petition").  (Dkt. No. 1.)  Petitioner moved to amend the Petition on November 17, 2022, and the Court granted the motion and ordered that Petitioner's "Emergency Writ of Habeas Corpus Petition" be construed as the First Amended

---

[1] The Motions are identical.  Petitioner appears to have re-filed the original Motion for Reconsideration on February 14, 2024, after a Notice of Deficiency was issued on February 7, 2024.  (*See* Dkt. No. 30.)

Petition ("FAP"). (Dkt. Nos. 7-8, 17.)

On May 1, 2023, Respondent filed an Answer to the FAP, and Petitioner filed a Traverse on June 6, 2023. (*See* Dkt. Nos. 21, 23.) The assigned Magistrate Judge issued a Report and Recommendation on December 5, 2023 (the "Report"), recommending that the FAP be denied, and this action dismissed with prejudice. Objections to the Report were due by December 25, 2023. (Dkt. No. 25.)

No objections to the Report were filed by the deadline. On January 25, 2024, the Court entered an Order Accepting Report and Recommendation denying the FAP and dismissing the action with prejudice. (Dkt. No. 26.) Judgment was entered the same date. (Dkt. No. 27.)

On February 7, 2024, and again on February 14, 2024, Petitioner filed the instant Motions. (Dkt. Nos. 28, 31.) Petitioner also contemporaneously filed his Objections to the Report ("Objections") with the instant Motions. (Dkt. Nos. 29, 32.) Petitioner states in the Motions that he drafted objections to the Report and was under the impression that they had been filed. (Dkt. Nos. 28 at 1, 31 at 1.) Petitioner explains that he suffers from amnesia and is under the care of a doctor and taking medication for his condition and believes the medical condition may have contributed to his confusion. (*See* Dkt. Nos. 28 at 1, 31 at 1.) Petitioner asks that the Court consider his Objections to the Report and excuse his error. (*See* Dkt. Nos. 28 at 2, 31 at 2.)

## II.  RELIEF UNDER RULE 60(b)

The Court construes Petitioner's Motions as brought pursuant to Federal Rule of Civil Procedure 60(b), which governs the reconsideration of final orders of the district court. Rule 60(b) allows a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason [apart from those listed] that justifies relief." A motion under Rule 60(b) must be made

within a reasonable time, and for reasons (1), (2), and (3) "no more than one year after the judgment or order, or the date of the proceeding." Fed. R. Civ. P. 60(c).

The Court concludes that Rule 60(b)(1) is most applicable to the pending Motions. Whether a party's failure to timely file pleadings under Rule 60(b)(1) should be excused is an equitable determination that must consider all relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court concludes that Petitioner has satisfied the requirements for Rule 60(b)(1) relief. Petitioner has stated that he mailed the Objections to the Court and believed that they would be filed. Petitioner also describes a medical condition that may have caused confusion regarding whether he did, in fact, mail the Objections. Further, Petitioner acted in a timely manner by filing the instant Motions and simultaneously filing the Objections to the Report after learning that judgment had been entered against him.

For these reasons, Petitioner is entitled to relief under Rule 60(b)(1), and the Court hereby vacates the judgment entered on January 25, 2024.

### III. THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the FAP (Dkt. No. 8), all of the records and files herein, the Magistrate Judge's December 5, 2023 Report and Recommendation (Dkt. No. 25), and Petitioner's Objections filed on February 7, and again on February 14, 2024 (Dkt. Nos. 29, 32). The Court has further engaged in a *de novo* review of those portions of the Report to which Petitioner has objected and does not find Petitioner's objections persuasive. Accordingly, the Court concludes that the FAP should be denied, and the action dismissed with prejudice.

///
///
///
///
///

## IV. ORDER

IT IS THEREFORE ORDERED that Petitioner's Motions for Reconsideration re: Order Accepting Report and Recommendation (Dkt. Nos. 28, 31) are GRANTED. The Court's judgment of January 25, 2024, is hereby VACATED.

IT IS FURTHER ORDERED that the Report and Recommendation issued on December 5, 2023, is again ACCEPTED and ADOPTED. The First Amended Petition is denied, and Judgment shall be entered dismissing this action with prejudice.

DATED: 3/15/2024

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE